IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JASON TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-00075 |
| ) | Senior Judge Haynes |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, PAUL EDWIN McLEMORE, and TIM ) | |
| EDINGTON, individually and d/b/a ) | |
| McLEMORE EDINGTON, PLLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, Jason Tatum, originally filed this action in the Circuit Court for Marshall County, Tennessee against the Defendants: Portfolio Recovery Associates, LLC ("PRA"); Paul Edwin McLemore; and Tim Edington, individually and doing business as McLemore & Edington, PLLC ("M&E"). Plaintiff alleges that Defendants obtained a money judgment against him, and that Defendants subsequently attempted to improperly garnish his wages on multiple occasions. Plaintiff asserts a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as Tennessee state law claims for fraud, wrongful execution and abuse of process, negligence, civil conspiracy, and under the Tennessee Consumer Protection Act.

On September 12, 2016, Defendant Edington filed a notice of removal to federal court (Docket Entry No. 1), to which Defendants PRA, McLemore, and M&E consented. Id. at 8-9; (Docket Entry No. 5). On September 16, 2016, Defendant McLemore filed an amended notice of removal (Docket Entry No. 8), to which Defendants PRA, Edington, and M&E consented. (Docket Entry No. 8-1). Defendants Edington and McLemore assert federal question jurisdiction on the basis

of Plaintiff's FDCPA claim, and supplemental jurisdiction over Plaintiff's state law claims. (Docket Entry No. 1 at ¶¶ 3-4, 8; Docket Entry No. 8 at ¶¶ 3-4, 8).

Before the Court is Plaintiff's emergency motion to remand (Docket Entry No. 14), arguing that removal to federal court is improper in this action because service was completed on Defendants PRA, McLemore, and Edington more than thirty days prior to filing the notices of removal. Plaintiff also argues that, even if Defendants McLemore and Edington timely filed notices of removal, the Court should nonetheless remand this action because Defendant PRA's right to join in and consent to removal had expired. Finally, Plaintiff argues that the Court should remand this action in deference to the state court's rights and for the convenience of Plaintiff's witnesses. In response (Docket Entry No. 15), Defendants contend that, because Plaintiff did not effect valid service of process on any Defendant, both Defendant Edington's notice of removal and Defendant McLemore's amended notice of removal were timely. Defendants also contend that, even if Defendant Edington's notice of removal was untimely, Defendant McLemore's amended notice of removal was timely because Plaintiff had not properly served him. Finally, Defendants argue that the Defendants PRA, M&E, and Edington retained the right to join and consent to Defendant McLemore's timely removal under the "last-served defendant" rule.

A civil action filed in state court may be removed to federal court where the action could have been originally brought in federal court. 28 U.S.C. § 1441(a). To remove a civil action to federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiff does not dispute that Defendant McLemore's amended notice of removal complies with § 1446(a), but argues that

removal was untimely.

A defendant must file a notice of removal within the shorter of the following two periods: (1) "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which" the action is based; or (2) "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." Id. § 1446(b)(1). The Supreme Court has explained that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

Plaintiff argues that, on January 28, 2016, he effected service of process on Defendant McLemore by sending a copy of the summons and complaint via certified mail to 9051 Executive Park Drive, Suite 500, Knoxville, TN 37923-4632, where "an employee" signed the return receipt. (Docket Entry No. 14 at 2). Plaintiff also argues that he made "[s]everal additional attempt[s]" to effect service of process of Defendant McLemore via certified mail to "the address listed with the Tennessee Board of Responsibility," but that these mailings were "returned as no such address." Id.

Rule 4(e) of the Federal Rules of Civil Procedure states that, unless otherwise provided by federal law, service may be effected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the

> individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Defendant McLemore was not personally delivered a copy of the summons and complaint, nor were a copy of the summons and complaint left at Defendant McLemore's "dwelling or usual place of abode." See Fed. R. Civ. P. 4(e)(2)(A)-(B). Although Plaintiff states that "an employee" signed for the summons and complaint sent via certified mail to 9051 Executive Park Drive, Suite 500, Knoxville, TN 37923-4632 on January 28, 2016, Plaintiff does not argue that this individual was "an agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(e)(2)(C). Thus, because Plaintiff did not effect service of process on Defendant McLemore through any of the methods listed in Rule 4(e)(2), Plaintiff must show that he effected service of process on Defendant McLemore in some other manner permitted by state law. See Fed. R. Civ. P. 4(e)(1).

Tennessee state law allows for service of individual defendants by sending a copy of the summons and complaint by certified mail, if certain requirements are met. Rule 4.04(10) of the Tennessee Rules of Civil Procedure provides, in part:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by

registered return receipt or certified return receipt mail to the defendant. . . . The original summons shall be used for return of service of process pursuant to Rule 4.03(2). . . . If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04(10). Rule 4.03(2) of the Tennessee Rules of Civil Procedure provides additional requirements for service by mail:

> When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of the return receipt from the defendant. **If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.** If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03(2) (emphasis added). Thus, the Tennessee Supreme Court has explained that, for service by mail to be complete under the Tennessee Rules of Civil Procedure, the return receipt must be "signed by the defendant" or by "an agent authorized by appointment or law to receive service on behalf" of the defendant. Hall v. Haynes, 319 S.W.3d 564, 578 (Tenn. 2010) (quoting Massey v. Hess, No. 1:05-cv-249, 2006 WL 2370205, at *3 (E.D. Tenn. Aug. 14, 2006)).

Here, Plaintiff cites a certified mailing to Defendant McLemore with a return receipt dated January 28, 2016. Plaintiff states that "an employee," not Defendant McLemore, signed the return receipt. Even assuming that the individual that signed the return receipt was Defendant McLemore's employee or co-worker, the record does not reflect that he or she was an agent authorized to receive service on Defendant McLemore's behalf under the Tennessee Rules of Civil Procedure. Id. Thus, the Court concludes that the January 28 mailing was not effective service under state law.

The Court also concludes that Plaintiff's additional attempts to effect service on Defendant

McLemore after January 28 were not effective. Rule 4.04(11) of the Tennessee Rules of Civil Procedure provides:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee **and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service**, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing.

Tenn. R. Civ. P. 4.04(11) (emphasis added).

Here, Plaintiff mailed copies of the summons and complaint to Defendant McLemore on August 1 and August 9, 2016. (Docket Entry No. 8-2 at 42, 46, 94, 98). Plaintiff states that these mailings were "returned as no such address." (Docket Entry No. 14 at 2). The record reflects that these mailings were returned marked "return to sender," "not deliverable as addressed," and "unable to forward." Id. These notations fail to establish that Defendant McLemore refused to accept delivery under Rule 4.04(11). Cf. In Re Landon T. G., No. E2015-01281-COA-R3-PT, 2016 WL 890219, at *5 (Tenn. Ct. App. Mar. 9, 2016) (noting that a return receipt including the notation "unclaimed" may be deemed an actual and valid service of process in some circumstances). Thus, the Court concludes that Plaintiff did not effect service on Defendant McLemore through these mailings.

Finally, Plaintiff states that Defendant McLemore was an attorney for Defendant PRA at the time that PRA was served. Defendant McLemore denies this assertion. Yet, even if it were true, the Sixth Circuit has stated that "[a]ctual knowledge of a lawsuit does not substitute for proper service . . . ." Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 623 (6th Cir. 2004). Thus, the Court concludes that Plaintiff had not effectively served Defendant McLemore at the time he filed his amended notice of removal, and his amended notice of removal was therefore timely. See

Arthur v. Litton Loan Servicing LP, 249 F.Supp.2d 924, 931 (E.D. Tenn. 2002) ("Service of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446.") (citations omitted).

Next, Plaintiff contends that, even if Defendant McLemore's amended notice of removal were timely, Defendant PRA's right to consent had expired. Based on 28 U.S.C. § 1446(b)(2) and Sixth Circuit decisional law, the Court disagrees. The Sixth Circuit recently affirmed that this circuit follows the "last-served defendant" rule. Robertson v. U.S. Bank, N.A., 831 F.3d 757, 762 (6th Cir. 2016). Title 28 U.S.C. § 1446(b)(2) provides:

> (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2). The Sixth Circuit explained that subsections (B) and (C), "[t]aken together, . . . show that an earlier-served defendant's conduct does not extinguish a later-served defendant's right to remove the case." Robertson, 831 F.3d at 761. Thus, "a first-served defendant can consent to a later-served defendant's removal petition . . . ." Brierly v. Alusuisse Flexible Packaging, 184 F.3d 527, 533 n.3 (6th Cir. 1999).

Here, the record reflects that Plaintiff effected service of process on Defendant PRA on January 12, 2016. Defendant PRA's opportunity to file a notice of removal expired thirty days later. See 28 U.S.C. § 1446(b)(2)(B). On September 16, 2016, Defendant McLemore filed an amended

7

notice of removal. (Docket Entry No. 8). That same day, Defendant McLemore filed notices of consent to removal by Defendants Edington, M&E, and PRA. (Docket Entry No. 8-1). These notices are dated September 16, signed by attorneys for Defendants Edington, M&E, and PRA, and reflect that each defendant joined in and consented to removal of the action. Id. The Court concludes that Defendant PRA, as the first-served defendant, was entitled to consent to Defendant McLemore's later-filed removal petition. 28 U.S.C. § 1446(b)(2)(C); Brierly, 184 F.3d at 533 n.3.

A plaintiff is "the master of the complaint," and "may, by eschewing claims based on federal law, choose to have [a] cause heard in state court." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987)). Here, Plaintiff asserts a claim under the FDCPA. "Federal courts, though 'courts of limited jurisdiction,' Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), in the main 'have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given.' Cohens v. Virginia, 19 U.S. 264, 404 (1821)." Mims v. Arrow Fin. Servs., LLC, 132 S.Ct. 740, 747 (2012).

Accordingly, for these reasons, the Court concludes that Plaintiff's motion to remand (Docket Entry No. 14) should be **DENIED**. The Court concludes that Defendant McLemore timely filed an amended notice of removal that all named defendants properly joined in and consented to, and it is unnecessary to consider Defendant Edington's notice of removal.

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of October, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge